**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Tony Anthony BROWN, Defendant—**
**Appellant.**

**No. 09–10278.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 2010.*

Filed Aug. 26, 2010.

Randall M. Howe, Esquire, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Lynn T. Hamilton, Esquire, Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

MEMORANDUM **

Tony Anthony Brown appeals from the six-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Brown contends that the district court procedurally erred by: (1) failing to provide an adequate explanation for the sentence imposed, and (2) improperly relying on the need to promote respect for the law. The record reflects that the district court did not procedurally err because it adequately explained its reasons for the sentence, including Brown's poor performance on supervised release, and the court did not rely on the need to promote respect for the law. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc); *United States v. Miqbel,* 444 F.3d 1173, 1181–82 (9th Cir.2006) (clarifying the factors that may be considered in sentencing upon revocation of supervised release).

Brown also contends that his sentence is substantively unreasonable given his poor health. The district court did not abuse its discretion in imposing the sentence. *See Carty,* 520 F.3d at 993–94; *see also Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**